UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| RICHARD GREEN (FINE PAINTINGS),<br><br>*Plaintiff,*<br><br>-against-<br><br>DOYLE MCCLENDON and MARY ALICE<br>MCCLENDON,<br><br>*Defendants.* | ECF CASE<br><br>08 Civ. 8496 (JGK) (JCF) |

## PLAINTIFF'S REPLY MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF MOTION TO COMPEL

Plaintiff, Richard Green ("Fine Paintings") ("Green") submits this reply memorandum of

law in further support of its motion, pursuant to Fed. R. Civ. P. 37, compelling the production of

documents and imposing attorneys' fees and costs upon the defendants.

### PRELIMINARY STATEMENT

In her "Response" to Green's motion, defendant Mary Alice McClendon states that she

has produced almost as many documents (48 pages) as has Green (50 pages). She neglects to

mention, however, that Ms. McClendon did not serve a document request in this case until

March 19, 2009. Green has not responded to that request, and no response is due until April 20.

Everything Green has produced was part of its Rule 26(a) Initial Disclosures. Green has thus

produced more documents in its Initial Disclosures than Mrs. McClendon has produced in her

Initial Disclosures and Rule 34 document production combined.

Quite simply, there is no valid basis for the defendants' refusal to produce the documents identified in Green's moving papers.[1]  The defendants have incorrectly characterized the reasons Green is seeking those documents, and Mrs. McClendon in particular asks the Court to apply a standard of relevance and admissibility that has no place in the context of discovery. Accordingly, such documents should be produced as quickly as possible, and in any event before the defendants are deposed on April 1 and 2, 2009.

## ARGUMENT

The defendants (Mrs. McClendon in particular) state repeatedly Green seeks "inadmissible" documents and relies on "inadmissible" facts.  Such objections are "premature and irrelevant to the question of discoverability before the Court." *Rates Tech. Inc. v. Cablevision Sys. Corp.* 2007 WL 1176732, *2 (E.D.N.Y. Apr. 20, 2007).  Moreover, the defendants refer repeatedly to "relevance" without any distinction between the meaning of that term under Fed. R. Evid. 401 and the significantly more liberal meaning under Fed. R. Civ. P. 26(b)(1), which applies here.  *See, e.g., Lineen v. Metcalf & Eddy, Inc.*, 1997 WL 73763, *1 (S.D.N.Y. Feb. 21, 1997) (respective definitions of "relevance" under the two rules are "not congruent").  Among other things, "discovery for impeachment is 'always relevant.'" *Bridgeport Music Inc. v. UMG Recordings, Inc.*, 2007 WL 4410405, *3 (S.D.N.Y. Dec. 17, 2007) (quoting *Davidson Pipe Co. v. Laventhol and Horwath*, 120 F.R.D. 455, 461 (S.D.N.Y. 1988)).  Likewise,

---

[1] Defendant Doyle McClendon's opposition papers do not appear to disagree substantively with those of Mrs. McClendon, (although he does claim not to have documents in certain categories, such as bank records and records of art transactions, and states that those are in Mrs. McClendon's exclusive possession, custody or control).  Accordingly this memorandum will address the defendants' opposition jointly, except where otherwise noted.

2

documents concerning "other agreements" in the same industry are relevant in the context of discovery concerning whether a party's intent with respect to the agreement at issue. *Id.*

Accordingly, Mrs. McClendon's request that the Cahill Declaration be struck on grounds of relevance and admissibility (not to mention numerous other grounds) misses the mark. Indeed, the request itself, which was made pursuant to Fed. R. Civ. P. 12(f), is improper on its face. "Rule 12(f) allows a court to strike *pleadings* only. Declarations and affidavits are not pleadings." *National Union Fire Ins. Co. v. Hicks, Muse, Tate & Furst, Inc.* 2002 WL 1482625, *6 (S.D.N.Y. Jul. 10, 2002) (emphasis in original).[2]

## I.     FINANCIAL DOCUMENTS

The defendants assert that the only reason Green seeks documents concerning the defendants' financial picture at various key points in time is to determine their ability to pay a judgment in this action. But that assertion is clearly incorrect simply as a matter of basic logic with respect to any point in time other than the current one; their financial situation in 2007 while they were married, for example, has nothing to do with whether they could pay a judgment in 2009 or 2010. Even with respect to the defendants' current situation, Green seeks discovery not to determine whether the defendants are capable in the abstract of paying a judgment, but whether they are deliberately disposing of assets to frustrate a judgment, as they have asserted to Green's attorneys.

---

[2] Moreover, it bears mention that Mrs. McClendon's enthusiasm for procedural taxonomy is selective. She complains about the content of the Cahill declaration, but the only paper she submitted in response to Green's motion to compel was a "Response." No such document is recognized in this Court in connection with a motion. *See* Local Civil Rule 6.1(a)(2) (in opposition to a motion, "any opposing affidavits and memorandum of law shall be served . . . "). Willful failure to submit a memorandum of law in opposition to a motion "may be deemed sufficient cause . . . for the granting of a motion by default." Local Civil Rule 7.1(a).

3

Mrs. McClendon's suggestion that Green could have sought financial information through interrogatories rather than document requests is meritless for at least two reasons. First, she offers no justification for the assertion that interrogatories would be any less intrusive (or, for that matter, whether she would have objected to them any less strenuously). Second, as her attorney presumably knows, interrogatories are a disfavored method in this Court of obtaining discovery that can be obtained through other means. *See* Local Civil Rule 33.3.

## A. The Defendants' Financial Condition in May 2007

As noted, this issue has nothing to do with the defendants' current ability or inability to satisfy a judgment. Rather, it goes to their state of mind at the time that Green claims they entered into a binding contract to purchase the Work.

## B. The Defendants' Financial Condition in May 2008

Green alleges that the defendants asked for and received a two-month extension of the deadline to complete the sale of the Work on the grounds of financial hardship. Assuming the defendants admit making that request, discovery is necessary to demonstrate whether basis for the request was legitimate. If they deny making the request, proof of financial hardship will undermine their credibility in making the denial. In either case, the Complaint clearly alleges that the request was made, and the issue is therefore broadly relevant to the pleadings.

## `C. The Defendants' Financial Condition in August 2008

In an e-mail annexed as Exhibit F to the Complaint, Mrs. McClendon stated that she "would close our deal" if she had the money to do so. Clearly, the defendants' financial situation at the time is directly relevant to the meaning of that statement, as well as her credibility in making it.

4

## D.     Financial Disclosures (or the Lack Thereof) Concerning the $500,000 Payment and Obligation to Pay the Remainder

The defendants allege Green is wrongfully holding a "refundable deposit" of $500,000. In other words they are claiming the existence of a significant asset in the form of an account receivable (although they made no such claim to Green until after the commencement of this action). Clearly, contemporaneous communications and financial documents concerning this alleged asset are highly probative of whether the defendants really believed the payment was a refundable deposit, as are a lack of such documents. Likewise, Green is entitled to discover how the defendants regarded the $3.7 million obligation alleged in the Complaint. Of course, the defendants cannot produce non-existent documents. If the Court orders the production of such documents, and none exists, that fact will be telling with respect to the credibility of defendants' claim.

## E.     The Defendants' Current Financial Condition

The general rule in the ordinary contract action is that discovery of a defendant's assets is inappropriate until after a judgment is entered. But this is not an ordinary case, and Green is not seeking discovery for that purpose. Green is seeking discovery based on the explicit statement of Mrs. McClendon's attorney that the defendants were shedding assets to avoid paying a judgment in this action.

The Declaration of Ronald W. Adelman, dated March 24, 2009, is submitted herewith. Exhibit A thereto are contemporaneous notes of a phone conversation between Mr. Adelman and Mrs. McClendon's attorney, in which the latter stated among other things, that Mr. McClendon was spending money like a "drunken sailor" and that Mrs. McClendon would sooner see the defendants' collective or separate assets spent on anything other than being made available to

5

satisfy a judgment in this case. Green does not claim that the attorney's statement proves the wrongful disposal of assets by defendants. Rather, its position is that the disclosure opened the door to discovery on the question. *See Allstate Ins. Co. v. TMR Medibill Inc.*, 2000 WL 34011895, *1 (E.D.N.Y. July 13, 2000) (ordering expedited disclosure of assets based on the claim that the defendants were improperly disposing of assets).[3]

There is no question that the attorney's statement is hearsay as to Mr. McClendon if offered to prove the truth of the statement at trial. With respect to Mrs. McClendon, it may well fall outside the definition of hearsay under Fed. R. Evid. 801(d)(2)(C)-(D).[4] But those are questions for a later day. The issue now is, having opened the door by using information as a sword, whether the defendants can use the federal discovery rules as a shield against further inquiry. Green respectfully submits that they cannot.

## II.     DOCUMENTS CONCERNING OTHER ART TRANSACTIONS

The reason Green seeks production of these documents is simple: despite having stated in a signed writings, among other things, that they had not "met our obligation to you [Green] after purchasing the [Work]" and that the parties had a "deal" concerning the Work, the defendants now claim that they had no such obligation. Green seeks the documents to establish whether or not the defendants insisted on formal written and executed contracts in connection with the purchase or sale of other art works with a value greater than $500 (the threshold for UCC § 2-201). If they did not, it would at least arguably damage their credibility concerning

---

[3] The *Allstate* opinion was in the context of a motion for attachment under Fed. R. Civ. P. 64 and N.Y.C.P.L.R. 6201. Because the defendants appear to have no assets in New York, they are beyond the attachment powers of this Court. But they are certainly within the power of this Court to order discovery under Rules 26 through 37.

[4] The statement is well outside the scope of Fed. R. Evid. 408 because it has nothing to do with the validity or amount of Green's claim.

their claimed requirement of one in this case. As noted, documents concerning other similar transactions are relevant for discovery purposes to ascertain a party's intent with respect to the transaction at issue. *Bridgeport Music*, 2007 WL 4410405, *3

Mrs. McClendon's claim that Green's request is barred by the parol evidence rule fails to grasp the basic purpose of that rule. "The parol evidence rule bars admission of extrinsic evidence to contradict or vary the terms of a written contract intended to embody the agreement between the parties." *Cole v. Macklowe,* 40 A.D.3d 396, 836 N.Y.S.2d 568, 569 (1st Dep't 2007). It does not bar the admission of evidence to show whether or not the parties intended to enter into an enforceable contract. *Id.* Evidence of other transactions will shed light on what Mrs. McClendon meant by her use of the terms "obligation" and "deal," a key issue in the case. Moreover, the issue of admissibility under the parol evidence rule is premature at the discovery stage. *Arkwright Mut. Ins. Co. v. National Union Fire Ins. Co.*, 1993 WL 437767, *2 (S.D.N.Y. Oct. 26, 1993).

## III. DOCUMENTS OTHER THAN COMMUNICATIONS BETWEEN THE PARTIES

According to Mr. McClendon, the defendants settled their divorce action on January 20, 2009, and the divorce case was closed shortly thereafter. Pursuant to Rule 12.285 of the Florida Family Law Rules of Procedure, the parties to a divorce have a non-waivable requirement to file financial affidavits in an action where division of assets is sought. *Daniel v. Daniel,* 922 So.2d 1041, 1043 (Fla. 3d D.C.A. 2006). The exception appears to be when the proceedings are commenced by a simplified petition for dissolution. *Id.*

For the reasons set forth in Section I(D) above, Green is entitled to know whether or not the defendants treated the $500,000 payment as an asset and/or the $3.7 million obligation as a

liability in financial disclosure documents. Green is operating in a vacuum of information, and has no choice but to rely on the defendants to disclose whether such documents were drafted or filed in the divorce proceedings, as Florida law seems to require and common sense dictates—it defies logic to believe that a married couple with millions of dollars of assets would divorce with no financial disclosures to one another. If the documents exist, as Florida law apparently requires, they should be produced or, if subject to a claim of privilege, be listed in a privilege log. If they do not exist, the defendants should so state unambiguously. To date, Mrs. McClendon, at least, has done none of these things. (Mr. McClendon stated that he made no financial disclosures in the divorce action.)

## CONCLUSION

For all of the foregoing reasons, and the reasons stated in its moving papers, Green respectfully submits that the Court issue an order: (1) compelling the production of unprivileged documents in the categories identified in Green's moving papers; (2) requiring the defendants to provide a privilege log for all such documents that the defendants believe to be privileged; and (3) imposing on the defendants the expenses incurred in making this motion, including attorneys' fees, in an amount to be determined.

Dated:   New York, New York
         March 24, 2009

LYNN & CAHILL LLP

John R. Cahill (JC-4299)
Ronald W. Adelman (RA-8633)
58 West 40th Street
New York, New York 10018
(212) 719-4400

*Attorneys for Plaintiff,*
*Richard Green (Fine Paintings)*