UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD GREEN (FINE PAINTINGS),<br><br>*Plaintiff,*<br><br>-against-<br><br>DOYLE MCCLENDON and MARY ALICE MCCLENDON,<br><br>*Defendants.* | ECF CASE<br><br>08 Civ. 8496 (JGK) (JCF) |

## PLAINTIFF'S MEMORANDUM OF LAW
## IN SUPPORT OF MOTION FOR DISCOVERY RELIEF AND SANCTIONS

Plaintiff, Richard Green ("Fine Paintings") ("Green") submits this memorandum of law in support of its motion, pursuant to Fed. R. Civ. P. 26, *et seq.*, in support of Green's motion, (a) pursuant to Fed R. Civ. P. 26, *et seq.*, for an order authorizing Green to conduct a forensic examination of defendant Mary Alice McClendon's ("McClendon") home computer and (b) for appropriate sanctions pursuant to Fed. R. Civ. P. 37 in connection with the failure of McClendon and her counsel to preserve and produce relevant documents, including electronic documents that the Court has ordered produced.

### STATEMENT OF FACTS

The facts relevant to this memorandum are contained in the Declaration of John R. Cahill, dated July 7, 2009 (including the exhibits annexed thereto), submitted herewith, and incorporated herein by reference.

## ARGUMENT

Despite frequent and repeated efforts by telephone, in conference, in deposition, and in writing, as well as by a Court order, McClendon and her counsel failed to produce highly relevant electronic documents that specifically refer to Green, the painting at issue in this case (the "Work"), and a record of the $500,000 payment that McClendon and defendant Doyle McClendon made therefor. McClendon also failed, and continues to refuse, to identify a witness who created the electronic documents at issue.

The failure to preserve and produce the responsive, relevant and (to defendants) damaging documents and identify the witness until after McClendon was deposed and after an electronic document produced as a paper company was apparently deleted or otherwise spoliated contravenes the governing rules, the orders issued in this case, and warrants both affording Green additional discovery and an order that the that the fact of the Work's purchase by defendants and inclusion in their collection of fine art be taken as established.

"Spoliation is the destruction *or significant alteration of evidence*, or the failure to preserve property for another's use as evidence in a pending or reasonable foreseeable litigation." *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 778 (2d Cir. 1999) (emphasis added). Although spoliation is necessarily a fact-specific inquiry, *Treppel v. Biovail Corp.*, 249 F.R.D. 111, 124 (S.D.N.Y. 2008), we respectfully submit that the facts before the Court overwhelmingly warrant such a finding.

"Accordingly, the plaintiff is entitled to a remedy." *Id.* As an initial matter, such a remedy should include the forensic examination of McClendon's computer. In the face of questions concerning the preservation and/or alteration of electronic documents, this Court has ordered the forensic examination of a party's computer in several cases. *See, e.g., Gucci America,*

2

*Inc. v. Gucci*, No. 07 Civ. 6820 (RMB) (JCF), 2009 WL 440463, *5 (S.D.N.Y. Feb. 20, 2009); *Treppel,*, 249 F.R.D. at 124. McClendon's attorneys have stated that they retained an expert to perform a forensic examination, but have not identified the expert, the methods the expert has used or expects to use, or the results, if any. Given that dilatory conduct, as well as McClendon's potential culpability for spoliation, we respectfully submit that the examination be conducted by an expert retained by Green. As in *Treppel*, the party responsible for potential spoliation (here, McClendon) should bear the cost of the examination.

As set forth in the Cahill Declaration, McClendon's conduct was willful and prejudicial. There has been no explanation proffered by McClendon for her failure to produce the documents, including electronic documents, in a timely manner and we can imagine none. Significant sanctions are therefore warranted. At the very least, McClendon should be ordered to submit to a new deposition concerning the documents at issue, and should bear the costs, including attorneys' fees, connected with that deposition, as well as this motion. *Cf. Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 439 (S.D.N.Y. 2004). In addition, we respectfully submit that Green is entitled to an appropriate inference on the expected summary judgment motion and/or at trial, or to an appropriate jury instruction like the one used in *Zubulake. Id.*

# CONCLUSION

For all of the foregoing reasons, Green respectfully submits that the Court issue the order sought herein.

Dated: New York, New York
July 7, 2009

> LYNN & CAHILL LLP
>
> _____
> John R. Cahill (JC-4299)
> Ronald W. Adelman (RA-8633)
> 58 West 40th Street
> New York, New York 10018
> (212) 719-4400
>
> *Attorneys for Plaintiff*
> *Richard Green (Fine Paintings)*