UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————

RICHARD GREEN (FINE PAINTINGS),

                    Plaintiff,            08 Civ. 8496 (JGK)

        - against -                       MEMORANDUM
                                          OPINION AND ORDER
MARY ALICE MCCLENDON,

                    Defendant.
————————————————————————

JOHN G. KOELTL, District Judge:

        The defendant, Mary Alice McClendon, has moved for
reconsideration of this Court's September 17, 2010 Amended
Memorandum Opinion and Order, in which the Court granted the
motion of plaintiff Richard Green (Fine Paintings) for summary
judgment, and denied Ms. McClendon's motion for summary
judgment.  There is no merit to the motion for reconsideration.

        The standard to be applied to a motion for reconsideration
under Local Rule 6.3, as well as under Federal Rule of Civil
Procedure 59(e), is well-established.  It is the same as the
standard that was applied under former Local Civil Rule 3(j).
See United States v. Letscher, 83 F. Supp. 2d 367, 382 (S.D.N.Y.
1999) (collecting cases).  The moving party is required to
demonstrate that the Court overlooked the controlling decisions
or factual matters that were put before the Court in the
underlying motion and which, had they been considered, might
have reasonably altered the result reached by the Court.  Nakano

v. Jamie Sadock, Inc., 98 Civ. 0515, 2000 WL 1010825, at *1
(S.D.N.Y. July 20, 2000).  The decision to grant or deny a
motion for reconsideration "rests within the sound discretion of
the district court."  Id.  The rule is "narrowly construed and
strictly applied so as to avoid repetitive arguments on issues
that have been considered fully by the court."  Walsh v. McGee,
918 F. Supp. 107, 110 (S.D.N.Y. 1996) (internal citation and
quotation marks omitted); see also Eaton Vance Mutual Funds Fee
Litigation, 403 F. Supp. 2d 310, 312-13 (S.D.N.Y. 2005), aff'd
Bellikoff v. Eaton Vance Corp., 481 F.3d 110 (2d Cir. 2007);
Nakano, 2000 WL 1010825, at *1.

In this case, the defendant has not pointed to any facts or
law that were placed before the Court and that the Court
overlooked.  The defendant simply disagrees with the Court's
decision.  This is not a basis for reconsideration.

The defendant argues that the Court overlooked the dispute
as to whether the initial $500,000 payment was a "deposit," but
the Court found that the alleged dispute was not a genuine issue
of material fact because there was no genuine dispute that there
was a firm contract to purchase the painting for the full
contract price of $4.2 million.  See Am. Mem. at 5-6, 13-14.
Indeed, in her memorandum in support of the current motion, the
defendant concedes: "Ms. McClendon is not attempting to argue

that the parties did not have an oral agreement to buy the work
for $4.2 million." Def. Mem. at 13.[1]

        The defendant also argues that she did not have a
"reasonable opportunity to inspect" the painting, and therefore
she did not accept it within the meaning of N.Y. U.C.C. § 2-606.
This argument about the reasonable opportunity for inspection
was made for the first time in the reply brief on the motion for
reconsideration, and is therefore not a basis for
reconsideration. In any event, the argument is without merit.
See Am. Mem. at 5-7.

        The Court has considered all of the arguments by the
defendant and finds them to be without merit.

        The Court also found that the plaintiff was entitled to the
purchase price, pursuant to section 2-709 of the UCC, and the
plaintiff has submitted a proposed judgment incorporating such a
judgment amount. The defendant contends that the plaintiff is
not entitled to such a judgment, and should be limited to a
judgment for damages under section 2-708 of the UCC. The
defendant does not, however, dispute that the proposed judgment
reflects a judgment pursuant to section 2-709 of the UCC. The
defendant argues that it would be inequitable to enter a
judgment pursuant to section 2-709 of the UCC, but there is

---

[1] The Court also found that there were sufficient writings to
satisfy the Statute of Frauds.

nothing inequitable in providing the plaintiff with the relief
to which it is entitled.  The effect of the relief is to place
the parties in the position for which they bargained – namely,
the plaintiff can recover the price of the painting that the
defendant agreed to pay and, when that price (plus interest) is
paid, the painting that the plaintiff bought will be delivered
to the plaintiff.  It is plain that there are possibilities for
the parties to resolve the dispute between themselves, but that
is for the parties.  At this point, the plaintiff has
established its entitlement to the proposed judgment.

The Court will order that the judgment proposed by the
plaintiff be entered.


SO ORDERED.

Dated:     New York, New York
           November 13, 2010

                                    John G. Koeltl
                              United States District Judge

4